1  Michael W. Sobol (State Bar No. 194857)
2  Nicole D. Reynolds (State Bar No. 246255)
   LIEFF CABRASER HEIMANN & BERNSTEIN LLP
   275 Battery Street, 29th Floor
3  San Francisco, CA  94111
   Telephone:  (415) 956-1000
4  E-mail: msobol@lchb.com
   nreynolds@lchb.com

5  Daniel M. Hattis (State Bar No. 232141)
6  HATTIS LAW
   1134 Crane Street, Suite 216
7  Menlo Park, CA 94025
   Telephone:  (650) 980-1990
8  E-mail: dan@hattislaw.com

9  *Attorneys for Plaintiff*

10                 UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13

14

15  DAVID HANSELL, EDWARD TOOLEY,        Case No.  13-cv-03440-EMC
    and CHRISTOPHER VALDEZ,
    individually and on behalf of all others   **STIPULATION AND [PROPOSED]**
16  similarly situated,                  **ORDER REGARDING TEMPORARY**
                                         **STAY OF PROCEEDINGS**
17              Plaintiffs,

18  v.

19  TRACFONE WIRELESS, INC., d.b.a.
    STRAIGHT TALK WIRELESS, and
20  WAL-MART STORES, INC.,

21              Defendants.

22

23

24

25

26

27

28

| | | |
|---|---|---|
| 1 | MARTIN BLAQMOOR, individually and on behalf of all others similarly situated, | Case No. 13-cv-05295-EMC |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | TRACFONE WIRELESS, INC. Defendant. | |
| 5 | | |
| 6 | | |
| 7 | MONA GANDHI, MARISHA JOHNSTON, and MARSHALL TIETJE, individually and on behalf of all others similarly situated, | Case No. 13-cv-05296-EMC |
| 8 | | |
| 9 | Plaintiffs, | |
| 10 | v. | |
| 11 | TRACFONE WIRELESS, INC. | |
| 12 | Defendant. | |

13

14      Pursuant to Civil Local Rules 6-2 and 7-12, Plaintiffs in the above-captioned cases

15  ("Plaintiffs") and Defendants TracFone Wireless, Inc. ("TracFone") and Wal-Mart Stores, Inc.

16  ("Wal-Mart") (collectively, "Defendants") jointly request that the Court enter a limited stay of the

17  proceedings, including temporarily suspending all currently pending deadlines, in the three

18  above-captioned related cases (collectively, the "*Hansell* Actions") pursuant to the terms and

19  conditions agreed to by the parties and set forth in this Stipulation.  As detailed below, Plaintiffs

20  have agreed to a limited, ninety (90) day stay of the *Hansell* Actions in exchange for TracFone's

21  commitment to provide certain discovery and information that Plaintiffs believe will help them

22  evaluate the adequacy of the proposed class settlement that Defendants have notified the court of

23  in *Browning v. TracFone Wireless, Inc.*, (S.D. Fla. No. 13-cv-22882-Cooke/Turnoff)

24  ("*Browning*") and also be relevant to TracFone's pending motion to compel arbitration.

25                                    **STIPULATION**

26      WHEREAS, on December 19, 2013, TracFone filed motions to compel arbitration in each

27  of the three *Hansell* Actions, together with declarations of Karen Levine, TracFone's Senior Vice

28  President of Financial Planning;

SF1 2003979v.1

WHEREAS, Plaintiffs' oppositions to TracFone's motions to compel are currently due on January 23, 2014; TracFone's replies are currently due on February 6, 2014; and TracFone's motions to compel are scheduled to be heard by the Court on February 27, 2014 at 1:30 p.m.;

WHEREAS, on December 5, 2013, Plaintiffs in the *Hansell* Actions filed in the *Browning* matter a motion to intervene and to dismiss or stay the *Browning* matter pursuant to the first-filed rule; Defendants and plaintiff in *Browning* have opposed such motion; such motion has now been fully briefed; and the *Browning* court has not yet set a hearing date or ruled on the motion;

WHEREAS, on December 20, 2013, the parties in *Browning* filed a Notice of Settlement, indicating that they had reached an agreement in principle and attached a settlement term sheet identifying the material terms of the settlement;

WHEREAS, on January 10, 2014, the parties in *Browning* filed a notice with the *Browning* court stating that they were working on finalizing their written, long-form settlement agreement and intend to file the settlement agreement, along with a motion for preliminary approval of settlement, on or before January 24, 2014;

WHEREAS, on December 31, 2013, TracFone filed a motion in this Court to stay the *Hansell* Actions, in light of the settlement in *Browning*, which on January 14, 2014, Plaintiffs in the *Hansell* Actions opposed;

WHEREAS, TracFone's reply in support of its motion to stay the *Hansell* Actions is currently due on January 21, 2014; and TracFone's motion to stay is scheduled to be heard by the Court on February 27, 2014 at 1:30 p.m;

WHEREAS, on November 25, 2013, Plaintiffs served on Defendants their First Sets of Requests for Production of Documents, and Defendants' responses thereto are currently due on January 17, 2014;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

1.      TracFone shall produce the following documents and information to Plaintiffs, subject to the conditions set forth below.  Unless otherwise specified below, TracFone shall provide responsive documents and information pertinent to the period up to and including

- 3 -

SF1 2003979v.1

STIP. AND [PROPOSED] ORDER RE TEMPORARY
STAY OF PROCEEDINGS;   CASE NOS., 13-CV-02440-
EMC, 13-CV-05295-EMC, 13-CV-05296-EMC

December 31, 2013;

(a)     TracFone agrees to produce readily available documents reflecting TracFone's decisions regarding marketing certain Straight Talk, Net10, Simple Mobile, and TelCel plans as providing "unlimited" data, including but not limited to any communications with or documents created by a third-party advertising agency, to the extent such documents exist.

(b)     TracFone agrees to create and produce a chart and/ or readily available contemporaneous documents, reflecting all of TracFone's policies or practices concerning throttling or terminating unlimited plan customers' data, including any internally established data usage limits.

(c)     TracFone agrees to provide, for every year during the proposed settlement class period, the number of (1) Straight Talk unlimited plans purchased; (2) Net10 unlimited plans purchased; and (3) TelCel unlimited plans purchased, along with a breakdown of the types of unlimited plans purchased (e.g., [XX] Straight Talk 1-month unlimited plans purchased in 2009; [XX] Straight Talk 3-month unlimited plans purchased in 2009; etc.).  TracFone also agrees to provide in its response information regarding Simple Mobile for the period of May 14, 2013 through December 31, 2013.

(d)     TracFone agrees to provide a written response setting forth the number of persons, listed by state of residency, who activated either a Straight Talk, Net10, Simple Mobile, or TelCel unlimited plan during the proposed settlement class period (e.g., [XX] persons purchased Straight Talk unlimited plans in California; [XX] purchased Simple Mobile unlimited plans in California, etc.), however TracFone estimates that it has addresses for only about one-third of the class, and will therefore be providing these numbers based primarily on the zip codes customers provided when they activated their plans, which may or may not reflect customers' states of residence. TracFone does not verify the accuracy of the names and address information that its customers provide.

(e)     TracFone agrees to provide a written response setting forth the different prices at which consumers could purchase each type of Straight Talk, Net10, Simple Mobile, or TelCel

unlimited plans during the class period, and the timeframe during which the plans were offered at such prices.

(f)     TracFone agrees to provide either a written response  or report setting forth average lengths of time (e.g., number of months, including recurring months paid for through renewal payments) customers paid for and utilized Straight Talk, Net10, Simple Mobile, or TelCel unlimited plans.

(g)     TracFone agrees to provide documents or data reflecting the number of people for whom TracFone (1) throttled data and (2) suspended/terminated data on Straight Talk, Net10, Simple Mobile, and TelCel unlimited plans prior to the expiration of those plans during the proposed settlement class period, but TracFone represents that for most of the time period at issue, it cannot determine the number of times such persons had their data throttled and/or suspended/terminated, because TracFone kept track only of the most recent date that a customer's data was throttled and/or suspended/terminated.

(h)     TracFone represents that it does not have fully accurate records showing the number of persons to whom compensation was given, or the type of compensation given, for having their data, talk, and text services terminated, but TracFone agrees to provide a written narrative response setting forth the general types of considerations their customer service representatives were authorized to—and did—provide to such customers, including scripts that are readily available and which were used by personnel in the call centers.

(i)     TracFone agrees to produce readily available documents reflecting any external or internal studies, surveys, investigations, or memoranda regarding their decisions to market the Straight Talk, Net10, Simple Mobile, or TelCel plans as "unlimited," including but not limited to any documents reflecting any value assigned to marketing the plans as "unlimited," to the extent any such documents exist;

(j)     TracFone agrees to provide a written statement setting forth the number of Straight Talk, Net10 or TelCel branded and locked cell phones customers purchased during the proposed settlement class period, and the range of prices at which customers could purchase such phones,

as well as for the period for which is has such relevant information for Simple Mobile.

(k)     TracFone agrees agree to provide a written statement setting forth the number of Straight Talk, Net10 or TelCel SIM cards or Activation kits/codes customers purchased during the proposed settlement class period, and the range prices at which customers could purchase such SIM cards or Activation kits/codes, as well as for the period for which is has such relevant information for Simple Mobile.

(l)     TracFone agrees to provide readily available documents reflecting the majority of revisions to TracFone's marketing materials that allegedly "inform customers of the levels at which their data services is subject to throttling"

(m)     Defendants agree to provide all settlement-related discovery, including all deposition transcripts, exchanged and/or produced in *Browning*;

(n)     Defendants agree to provide all written correspondence between plaintiff's counsel and defendants' counsel in *Browning* regarding the proposed settlement, other than any documents that defendants or plaintiff in *Browning* claim to be subject to the Mediation Privilege and/or any Mediation Confidentiality Agreement in *Browning*.

2.     TracFone shall make Karen Levine available for deposition in Miami, regarding issues related to TracFone's pending arbitration motions and the subjects listed in paragraphs 1(a) through 1(m) above, by no later than February 28, 2014.

3.     In exchange for the discovery described in paragraphs 1 through 2, above, Plaintiffs agree to a limited stay of the *Hansell* Actions.  Specifically, the parties agree to a stay of proceedings in the *Hansell* Actions subject to the following conditions:

(a)     The documents and information described in paragraph 1, above, are being produced by TracFone and not by Wal-Mart.

(b)     The documents and information described in paragraph 1, above, are being produced on a voluntary basis in accord with documents and information readily available to TracFone.  TracFone further represents that it is producing the documents and information in a good faith attempt to provide documentation and information that is genuinely responsive to

SF1 2003979v.1

STIP. AND [PROPOSED] ORDER RE TEMPORARY
STAY OF PROCEEDINGS;  CASE NOS., 13-CV-02440-
EMC, 13-CV-05295-EMC, 13-CV-05296-EMC

1    plaintiffs' requests for discovery.

2          (c)    The documents and information provided by TracFone, as described in paragraph

3    1, may be used in the *Browning* action and the *Hansell* Actions should the stay be lifted in one or

4    more of those cases.  Testimony from the deposition described in paragraph 2, above, may be

5    used in the *Browning* action and the *Hansell* Actions should the stay be lifted in one or more of

6    those cases.

7          (d)    The stay in the *Hansell* Actions shall apply to all discovery and all pending

8    motions in the *Hansell* Actions (including TracFone's pending motions to compel arbitration and

9    TracFone's pending motion to stay) and all other possible motion practice in the *Hansell* Actions;

10    however, the stay shall not apply to any countervailing order or direction from the *Hansell* court

11    or the *Browning* court.

12          (e)    The stay in the *Hansell* Actions shall be automatically deemed lifted after ninety

13    (90) days from the date of this Stipulation; however, the *Hansell* court may, on its own or at the

14    request of either or both parties, extend the stay.

15          (f)    If the *Browning* matter is dismissed or stayed pursuant to the motion of the

16    *Hansell* Plaintiffs to Intervene and to Dismiss or, in the Alternative, to Stay Pursuant to the First-

17    Filed Rule, then the stay in the *Hansell* Actions shall be immediately terminated.

18          (g)    If preliminary approval of the settlement is denied in the *Browning* matter, then the

19    stay in the *Hansell* Actions shall be immediately terminated;

20          (h)    Defendants agree that Plaintiffs' consent to a stay shall not be construed as an

21    indication or admission that the jurisdiction of the *Hansell* court is less preferable than any other

22    jurisdiction, and they will not advance such an argument, for instance in connection with the

23    pending motion to intervene and dismiss/stay the *Browning* matter;

24          (i)    Plaintiffs agree that Defendants' production of information and testimony shall not

25    be construed as an indication or admission that the *Browning* court should stay or dismiss that

26    matter or that the *Hansell* Actions should not be stayed.  Plaintiffs agree that they will not

27    advance any such argument.

28

SF1 2003979v.1

(j)     With respect to the documents and information described in paragraph 1, above, TracFone will produce as much information and documentation that it can gather, in good faith, by January 24, 2014, and in any event will expend best efforts to produce the remainder of any documents and information it has agreed to produce no later than February 7, 2014.

(k)     To the extent the stay is lifted in the *Hansell* Actions, Plaintiffs' counsel shall make the named plaintiffs available for deposition regarding arbitration issues prior to any hearing in the *Hansell* Actions regarding TracFone's pending arbitration motions.

(l)     Plaintiffs shall provide TracFone with the telephone numbers for the named plaintiffs' TracFone phones.  This information shall be provided by no later than January 24, 2014.

(m)     Both parties reserve the right to seek to take steps to resolve any dispute regarding the discovery obligations in this agreement in the *Hansell* Actions or in *Browning* according to the procedures for resolving discovery disputes.

(n)     It is agreed that TracFone and Wal-Mart may file a notice of filing in *Browning* making the court aware of this stipulation.

IT IS SO STIPULATED.

Dated: January 17, 2014                    Respectfully submitted,

                                           LIEFF CABRASER HEIMANN & BERNSTEIN, LLP


                                           By:  s/ Michael W. Sobol
                                                Michael W. Sobol

                                           Michael W. Sobol
                                           msobol@lchb.com
                                           Nicole D. Reynolds
                                           nreynolds@lchb.com
                                           LIEFF CABRASER HEIMANN & BERNSTEIN LLP
                                           275 Battery Street, 29th Floor
                                           San Francisco, CA  94111
                                           Telephone:  (415) 956-1000

1
2
3

Daniel M. Hattis
dan@hattislaw.com
HATTIS LAW
1134 Crane Street, Suite 216
Menlo Park, CA 94025
Telephone:  (650) 980-1990

4

*Attorneys for Plaintiff*

5
6

Dated: January 17, 2014

SIDLEY AUSTIN LLP

7
8
9
10

By: s/ Joel S. Feldman
     Joel S. Feldman

11
12
13
14

Joel S. Feldman (admitted *pro hac vice*)
jfeldman@sidley.com
Lisa E. Schwartz (admitted *pro hac vice*)
lschwartz@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

15
16
17

Ryan M. Sandrock
rsandrock@sidley.com
555 California Street, Suite 2000
San Francisco, California 94104

18
19
20
21
22
23

Steven J. Brodie (*pro hac vice* to be submitted)
sbrodie@carltonfields.com
Aaron S. Weiss (*pro hac vice* to be submitted)
aweiss@carltonfields.com
CARLTON FIELDS, P.A.
Miami Tower
100 SE Second Street, Suite 4200
Miami, FL 33131-2119

24

*Attorneys for Defendants*

25
26
27
28

SF1 2003979v.1

- 9 -

STIP. AND [PROPOSED] ORDER RE TEMPORARY
STAY OF PROCEEDINGS;   CASE NOS., 13-CV-02440-
EMC, 13-CV-05295-EMC, 13-CV-05296-EMC

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Stipulation and [Proposed] Order Regarding Temporary Stay of Proceedings.  In compliance with General Order 45.X.B., I hereby attest that the signatory has concurred in this filing.

Dated: January 17, 2014            SIDLEY AUSTIN LLP


                                   By: s/ Ryan M. Sandrock
                                        Ryan M. Sandrock
                                        rsandrock@sidley.com
                                        555 California Street, Suite 2000
                                        San Francisco, California 94104

SF1 2003979v.1

- 2 -

1

2

### **ORDER**

3        Pursuant to Stipulation, it is so ORDERED.  All motion hearings are vacated.
Parties to renotice the motions.  CMC is reset for 5/29/14 at 9:00 a.m.

4  A joint CMC Statement shall be filed by 5/22/14.
   Dated: _____1/27_____, 2014

5                                              _____
                                               EDWARD M. CHEN
6                                              United States District Judge

7

8

   1149502.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28